# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALAN M. DOWNES, on behalf of himself and
all others similarly situated,
        Plaintiff,

    v.                                          Case No. 09-C-0637

WISCONSIN ENERGY CORPORATION
RETIREMENT ACCOUNT PLAN,
        Defendant.

## ORDER

In support of motions relating to the parties' discovery dispute, plaintiff filed several documents, Exhibits 6 and 8-10, under seal. These documents were produced to plaintiff by defendants in other, related federal lawsuits. Plaintiff contends that the defendants in those actions improperly marked these documents as confidential, and that the documents are not, in fact, confidential. However, because the defendants in the other lawsuits are not parties to the present action, they have had no opportunity to argue in favor of the confidentiality designation.

Because issues relating to the confidentiality of materials produced in related litigation will likely recur, I set forth the following procedure governing the filing of documents under seal in the present action. Whenever a party files materials marked "confidential" with the court, those materials must be accompanied by a motion to seal. If the filing party is the party who designated the material "confidential," such party must in its motion demonstrate that good cause exists for removing the document from the public record. To show good cause, the party must do more than state its subjective belief that the information is confidential. It must demonstrate that the material truly is

confidential and that the potential harm that public disclosure would cause outweighs the public's interest in open court proceedings. See, e.g., County Materials Corp. v. Allan Block Corp., 502 F.3d 730, 740 (7th Cir. 2007); Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). If the motion fails to show good cause, the material will not be sealed.

If the party filing the document is not the person who marked the document "confidential," the party must serve notice of the motion to seal on the designator, whether the designator is the defendant in this action, a third-party witness, or a defendant in one of the related actions. If the designator is not a party to the present action, a copy of this order must also be served on the designator. The designator will have ten days from the date of service to file a statement in which the designator indicates whether the document should remain sealed. If the designator contends that the document should remain sealed, good cause must be shown as provided above. If good cause is not shown, the document will not be sealed.

In accordance with this procedure, plaintiff must now serve copies of its motion to seal along with a copy of this order on the entities that designated Exhibits 6 and 8-10 confidential. The designators will then have ten days to indicate whether the documents should remain sealed and, if so, to show good cause.

**SO ORDERED** at Milwaukee, Wisconsin, this 4 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge