UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN M. DOWNES,

On behalf of himself and on behalf of
All others similarly situated,

                Plaintiff,

Case No. 09-C-0637-LA

    v.

WISCONSIN ENERGY CORP.
RETIREMENT ACCOUNT PLAN and
WISCONSIN ENERGY CORP.,

                Defendants.

## PLAINTIFF'S MOTION TO ADD AN ADDITIONAL NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE

### INTRODUCTION

Plaintiff Alan Downes, through undersigned counsel, pursuant to Rules 15(a), 20(a) and 21 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for an order permitting him to add Terry P. Kumbera, a former Wisconsin Energy employee who worked for the Company for nearly 25 years before receiving a lump sum from the Plan on or about April 1, 2003, to the complaint in this action as an additional named plaintiff.

The addition of Mr. Kumbera at this time is especially appropriate because it will permit the Court to grant complete, class-wide relief on Plaintiff's pending motion to strike the affirmative defense of the statute of limitations. *See* Pl. Mtn. to Strike Reply (Doc. 80) at 1-2, 10-13 (demonstrating that admissions in Defendants' Answer doom their purported limitations defense because Defendants expressly concede that "[p]rior to the initiation of this litigation, **Defendants did not reject** *any participant's claim to an additional payment* **based on any of**

**the alleged benefit calculation violations asserted [in the First Amended Complaint]**," Ans. ¶ 114 (emphasis added); further showing that in *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 615 F.3d 808, 816 (7th Cir. 2010), the Court of Appeals just confirmed this type of specific rejection is the *sine qua non* that a plan must establish under the "clear and unequivocal repudiation of rights" test in order to commence the running of the statute of limitations in a case such as this one involving benefits paid but miscalculated).

The addition of Mr. Kumbera will also allow the Court, if it finds it necessary or appropriate, to certify a statute of limitations subclass, consisting of persons like Mr. Kumbera who received a distribution from Defendant Wisconsin Energy Corporation Retirement Account Plan ("WE Plan" or "Plan") more than six years before the date Mr. Downes filed suit, June 30, 2009. *See* Pl. Mtn. for Class Certification (Doc. 94), filed herewith.

This case is essentially in the same posture as the *Ruppert* case when Plaintiff Lawrence Ruppert, then the sole plaintiff in that case, filed his motion for class certification. As in *Ruppert,* in this case, Plaintiff Downes is currently the sole named plaintiff. *See Ruppert v. Alliant Energy Cash Balance Pension Plan*, 255 F.R.D. 628 n.1 (W.D. Wis. 2009). As in *Ruppert, id.* at 633, Mr. Downes wishes to ensure there is no issue as to his representation of persons who could arguably be vulnerable to a statute of limitations defense and so seeks to add a second named plaintiff (Mr. Kumbera) to the Complaint to serve as a class representative for a proposed subclass of persons who received a distribution from the Plan more than six years before the date Mr. Downes filed suit (June 30, 2009), just as Mr. Ruppert sought to add Thomas Larson to serve as a class representative for a proposed subclass of persons who received a distribution from the Plan more than six years before the date Mr. Ruppert filed suit. *See* Plan Memo dated 2/11/11, Ex. 1 (Doc. 92-1), to Defs. Notice of Committee Action and Plan

Amendment at 1 (conceding "that no limitations period dispute exists for those plan participants who received a lump distribution between June 30, 2003 and August 17, 2006").

As the Court did in *Ruppert, id.* at 628 n.1, this Court should grant Plaintiff's motion.

**ARGUMENT**

The addition of Mr. Kumbera to the complaint should be freely permitted, whether analyzed under Rule 15, Rule 20 and/or Rule 21 of the Federal Rules of Civil Procedure.

**A.    Joinder under Rule 20.**

Joinder of Mr. Kumbera is proper under Rule 20. Joinder of parties under Rule 20 is permitted where the plaintiffs assert any right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20; *see WNS Holdings, LLC v. UPS, Inc.*, No. 3:08-CV-275-BBC, 2008 WL 4735163, *4 (W.D.Wis. Oct. 24, 2008). Mr. Kumbera, who has all the claims Mr. Downes has, asserts rights arising out of the same transaction, occurrence, or series of transactions or occurrences and questions of law and fact common to Mr. Downes.

**B.    Addition under Rule 21**

The addition of Mr. Kumbera is also proper under Rule 21. Rule 21 governs the dropping or adding of parties to an action, and provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The standard for adding or dropping parties under Rule 21 is the same as the liberal standard for amending pleadings under Rule 15. *E.g., Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736-37 (7th Cir. 1986). *See also*

3

*Erickson v. State of Wis. Dept. of Corrections*, No. 04-C-265-C, 2004 WL 2309045, *1 (W.D.Wis. Sept. 29, 2004).

### C. Amendment under Rule 15

Analyzed under Rule 15, the addition of Mr. Kumbera is also clearly proper. When, as here, a plaintiff can no longer amend his complaint as of right, leave to amend is discretionary with the Court. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir.1995). However, the Rule requires that leave "shall be freely given when justice so requires." Fed. Civ. P. R. 15(a). Elaborating on this standard, the Seventh Circuit has noted that "in the absence of undue delay, undue prejudice to the party opposing the motion, or futility of the amendment, leave should be freely given." *Eastern Natural Gas Corp. v. Aluminum Co. of America*, 126 F.3d 996, 999 (7th Cir.1997). *Accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the proposed amendment is not made in bad faith, has not been unduly delayed, would not be futile, nor would it unduly prejudice Defendants. To the contrary, to the extent Defendants' affirmative statute of limitations defense survives Plaintiff's motion to strike (it should not, for reasons set forth in Plaintiff's motion to strike), it is only through the addition of someone like Mr. Kumbera, who has a personal stake in the outcome of that asserted defense, that the defense can properly be adjudicated.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, for the reasons that Plaintiff may later adduce and/or as may appear to the Court, Plaintiff respectfully requests that the instant motion be granted.

Dated: February 21, 2011                            Respectfully submitted,

                                                       s/ *Eli Gottesdiener*

Eli Gottesdiener (#4045464)
Andrew P. Carter (#4709796)
Steven D. Cohen (#038172009)
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, New York 11215
Telephone: (718) 788-1500
Telecopier: (718) 788-1650
Email: eli@gottesdienerlaw.com

*Counsel for Plaintiff and the proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2011, I caused to be electronically filed Plaintiff's Motion to Add An Additional Named Plaintiff and Proposed Class Representative using the ECF system which will send notification of such filing to counsel listed below. I also certify that on February 21, 2011, I caused the foregoing to be hand-served on the first-listed counsel below on February 22, 2011.

Mark Casciari (mcasciari@seyfarth.com)
Ian H Morrison (imorrison@seyfarth.com)
Amanda A. Sonneborn (asonneborn@seyfarth.com)
Sam Schwartz-Fenwick (sschwartz-fenwick@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Fax: (312) 460-7000

Matthew W. O'Neill (mwo@ffsj.com)
Robert H. Friebert (rhf@ffsj.com)
Friebert, Finerty & St. John, S.C.
Two Plaza East, Suite 1250
330 East Kilbourn Ave.
Milwaukee, WI 53202
Telephone: (414) 271-0130
Fax: (414) 272-8191

s/*Eli Gottesdiener*