IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**ALAN M. DOWNES,**

   Plaintiff,

 v.

**WISCONSIN ENERGY CORPORATION
RETIREMENT ACCOUNT PLAN and
WISCONSIN ENERGY CORPORATION**

   Defendants.

Case No. 09-C-0637-LA

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION

  Defendants Wisconsin Energy Corporation Retirement Account Plan (the "Plan") and Wisconsin Energy Corporation (the "Company"), by their attorneys, respectfully submit this response to plaintiffs' motion for class certification and appointment of class counsel. (Doc. No. 94).

### INTRODUCTION

  Plaintiff seeks to have the Court certify the following class and subclass as to all claims contained within the First Amended Complaint ("FAC").

> [Proposed Class Definition] All persons who accrued a vested benefit under the Wisconsin Energy Corporation Retirement Account Plan (the "Plan") since January 1, 1996; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

> [Proposed Subclass Definition] All persons who accrued a vested benefit under the [Plan] since January 1, 1996 and who received a distribution from the Plan prior to June 30, 2003; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

As set forth below, Defendants acknowledge that, at this time, class certification in accordance with Federal Rule of Civil Procedure 23(b)(2) is warranted as to certain of the claims raised in the FAC. However, as to those aspects of the named Plaintiff's claims subject to the pending motion to dismiss (Doc. No. 69), class certification is not appropriate. Moreover, as set forth below, different class definitions and subclasses are necessary to address differences with respect to the claims of certain categories of putative class members.

## ARGUMENT

**I.  THE SEVENTH CIRCUIT HAS CAUTIONED THAT CLASS CERTIFICATION RULINGS REQUIRE A "RIGOROUS ANALYSIS" SO THAT CERTIFIED CLASSES ARE PROPERLY DEFINED AND ADEQUATELY REPRESENTED.**

Plaintiff bears the burden of establishing that the requirements of Rule 23 are satisfied. *See Ret. General Tel. Co. of Southwest v. Falcon* ("*Falcon*"), 457 U.S. 147, 161 (1982); *Ret. Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). A class "may only be certified if the trial court is satisfied, after a *rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied," and that the action falls within one of the three categories of Rule 23(b). *Falcon*, 457 U.S. at 161 (emphasis added). As recently stated by the Seventh Circuit: "Before certifying a class, the district court must do more than review a complaint and ask whether, taking the facts as the party seeking the class presents them, the case seems suitable for class treatment . . . Before deciding whether to allow a case to proceed as a class action . . . a judge should make whatever factual and legal inquiries are necessary under Rule 23.'" *Spano v. The Boeing Company*, Case Nos. 09-3001, 09-3018, 2011 WL 183974, *8 (7th Cir. Jan. 21, 2011) (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)).

In *Spano*, the Seventh Circuit emphasized the importance of ensuring properly defined and represented classes in a class certification order. "For present purposes, the most important part of that order is the place where it defines the class. *See* Fed. R. Civ. P. 23(c)(1)(B). This is a vital step. Both the scope of the litigation and the ultimate *res judicata* effect of the final judgment depend on the class definition. If the unnamed members of the class have received constitutionally adequate representation, then the judgment in the class action will resolve their claims, win or lose." 2011 WL 183974 at *8. Notably, in *Spano*, the court rejected a broad-sweeping class encompassing all of an Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, plan's participants, finding such a class incompatible with the requirement that the class be defined in such a manner that the interests and claims of the named representative are aligned with the claims and interests of all unnamed members of the class. *Id*. at *11-12. "The lesson . . . is that there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Id.* at *11.

The claims set forth in the FAC (and the particular issues of alleged underpayment set forth in those claims) are broad in scope. The FAC contains five Counts alleging violations of ERISA. On November 11, 2010, Defendants moved to dismiss, *inter alia*, Count IV (breach of fiduciary duty) and V (other) for failure to state a claim upon which relief can be granted. (Doc. No. 69.) The remainder of the FAC alleges that Defendants violated ERISA by miscalculating benefits under the Plan The FAC alleges, in Counts I through III, that the Plan miscalculated benefits in seven distinct ways:

(1) by using less than a 7% rate in certain years to determine the pay credit component in the Plan's cash balance benefit formula (the "7% claim");

(2) by failing to apply the "indexing rate" -- the cash balance formula's interest crediting rate -- to calculate his alternate grandfather benefit (the "grandfather indexing claim");

(3) by underpaying his Plan benefit by applying an early commencement discount to determine the amount of his grandfather benefit (the "early commencement discount claim");

(4) by using an unreasonable interest rate to project future interest credits in calculating cash balance lump sum distributions (the "whipsaw claim");

(5) by not crediting him with a prorated portion of the pay credit that would have applied had he worked the entire year in his final partial year of participation in the Plan (the "double proration claim");

(6) by crediting him with only a 4% interest credit, and no additional amount based upon full-year investment returns in his final year of participation (the "4% year-of-termination claim"); and

(7) by underpaying his Plan benefit by applying a pre-retirement mortality discount to determine the amount of his grandfather benefit (the "grandfather pre-retirement mortality discount claim").[1]

Accordingly, the Court must assess whether each of these issues is suitable for Rule 23 class treatment and whether the claims of the proposed class representatives are "congruen[t]" with those of the class they would purport to represent. *Spano*, 2011 WL 183974 at *13 (holding that "the district court, however, should have clarified what issues it was certifying and why [the proposed named plaintiff's] claim was typical for these purposes").

---

[1] Defendants have argued (Doc. No. 70 at 19-22) that Plaintiff's Count IV breach of fiduciary duty claim is simply duplicative of his claims for additional benefits and should be dismissed. If the Court determines that Count IV asserts unique claims, it would be necessary to assess whether those claims could be certified on the same basis as Plaintiff's additional-benefits claims.

## II. CLASS CERTIFICATION IS INAPPROPRIATE AT THIS TIME AS TO CERTAIN ISSUES IN THE FAC

### A. The Undefined Count V Cannot Be Certified As It Is Unclear What The Claim Is And What Issues It Presents.

Count V of the FAC states:

> To the extent that any of the claims contained within the ambit of this complaint are deemed not covered by the preceding claims denominated I through IV, Plaintiff brings such additional claim or claims on behalf of himself and the proposed Class and alleges violations of the applicable laws, regulations, and/or Plan provisions and that Plaintiff and the proposed Class seek and are entitled to all available relief for and as a result of these violations under ERISA § 502(a), 29 U.S.C. § 1132(a).

Defendants moved to dismiss this Count because this undefined assertion of "other claims" does not satisfy the required federal pleading obligations under Rule 8, as made clear by *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The vagueness of this claim also renders it impossible to determine if a class can be certified. There is no way to meet the mandates of the Supreme Court and the Seventh Circuit to assess properly the appropriateness of class certification with respect to a claim that is undefined. *Spano,* 2011 WL 183974, at *8. It cannot be determined, in the first instance, whether the claims of the proposed class representatives are typical of those of the proposed class, or the adequacy of their representation, when the Count is so ill-defined. Notably, Plaintiff does not mention or address Count V in the motion for certification.

### B. No Certification Is Appropriate For The 7% Claim, The Grandfather Indexing Claim, And The Early Commencement Claim, As The Class Representative Must First Exhaust The Plan's Administrative Procedures As To These Claims.

Defendants have moved to dismiss the 7% claim, the grandfather indexing claim, and the early commencement claim based upon Plaintiff's failure to exhaust the available

5

administrative remedies under the Plan. (*See* Doc. No. 70.) As this Court has recognized, "in the context of an ERISA class action, only the *named plaintiffs* must exhaust their administrative remedies.'" *Clarke v. Ford Motor Co.*, 220 F.R.D. 568, 576 (E.D. Wis. 2004) (Adelman, J.) (quoting *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 395 (E.D. Pa. 2001) and citing *Laurenzano v. Blue Cross & Blue Shield of Mass. Inc. Ret. Income Trust*, 134 F. Supp. 2d 189, 211 (D. Mass. 2001)). The named plaintiffs have not satisfied the exhaustion pre-condition to serve as class representatives and no class should be certified as to these issues unless, and until, a representative has appropriately exhausted these Plan interpretation issues in accordance with the Plan procedures. *See* Doc. No. 69; *Clarke*, 220 F.R.D. at 576; *accord Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974). ("A representative plaintiff should not be permitted to impose such a disadvantage on the class.")

### III. CLASS CERTIFICATION, PURSUANT TO PROPERLY DEFINED CLASSES, IS WARRANTED UNDER FED. R. CIV. P. 23(b)(2) AS TO THE CLAIMS NOT SUBJECT TO THE MOTION TO DISMISS.

As in *Berger v. Xerox Corp. Retirement Income Guarantee Plan*, this suit (with the exception of Counts IV and Count V), "is by plan participants suing 'to recover benefits.' 29 U.S.C. 1132(a)(1)(B)." 338 F.3d 755, 763 (7th Cir. 2003). Although the precise relief sought is not specified in the Amended Complaint, as with *Berger* the relief requested in the lawsuit is construed properly as "declaratory." *Id.* "What is sought is a declaration that [Defendant's] method of computing the lump sums to which withdrawing employees are entitled is unlawful. That is a ground common to all members of the class." *Id.*; *see* Doc. 94 at 3 ("The Complaint alleges that Defendants' miscalculated the Accrued Retirement Income of all class members. . . ."). Thus construed, Defendants acknowledge that certification of

the remaining issues, pursuant to properly defined and represented classes, is appropriate in accordance with Federal Rule of Civil Procedure 23(b)(2). *Berger*, 338 F.3d at 763-64; *see also Clarke*, 220 F.R.D. at 580 (certifying ERISA class action for retroactive benefits pursuant to Rule 23(b)(2) and noting "a declaratory judgment would settle the issue of whether Ford is liable to class members for retroactive pension benefits."); *accord Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, 265 F.R.D. 405, 412 (E.D. Wis. 2010); *Ruppert v. Alliant Energy Cash Balance Pension Plan*, 255 F.R.D. 628, 637 (W.D. 2009).

Although Plaintiff generically seeks certification alternatively under either Rule 23(b)(1)(A), 23(b)(1)(B) or 23(b)(2), the Seventh Circuit has directed that Rule 23(b)(2) is the proper certification basis for an action seeking a class declaration with respect to an alleged miscalculation of ERISA benefits. *Berger,* 338 F.3d at 763. Accordingly, those courts in the Seventh Circuit addressing such claims after *Berger* have issued certification orders only under Rule 23(b)(2). *Thompson*, 265 F.R.D. at 412; *Ruppert,* 255 F.R.D. at 637 (rejecting (b)(1) or (b)(3) certifications).[2]

---

[2] Certification under Rule 23(b)(1) is inappropriate because plaintiff has not shown that he meets the strict prerequisites established by the Supreme Court in *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). Rule 23(b)(1)(A) certification also is inappropriate because, with at least seven separate claims at issue and at least one significant affirmative defense (statute of limitations), Plaintiff has not shown that proceeding on a non-class basis would result in inconsistent, mutually exclusive adjudications. *See*, *e.g.*, *Levels v. Akzo Nobel Salt, Inc.*, 178 F.R.D. 171, 180 (N.D. Ohio 1998); *Lively v. Dynegy, Inc.*, No. 05-cv-00063, 2007 U.S. Dist. LEXIS 14794, *56 (S.D. Ill. Mar. 2, 2007) (rejecting class certification under (b)(1) or (b)(2) "[i]n light of the individualized issues of reliance"). Moreover, Rule 23(b)(1)(A) was designed to protect *defendants* from the risk of separate adjudication of similar suits. *Hallaba v. Worldcom Network Servs., Inc.*, 196 F.R.D. 630, 643 n.7 (N.D. Okla. 2000). Here, Defendants are not seeking class certification.

### IV. FURTHER SUBCLASSES AND DIFFERENT CLASS DEFINITIONS ARE NECESSARY IN ORDER TO HAVE PROPERLY DEFINED AND ADEQUATELY REPRESENTED CLASSES.

As noted above, the Seventh Circuit has emphasized the critical importance of ensuring properly defined and represented classes in any class certification order so that there is appropriate "congruence" between the claims of the representative and those of the class he or she purports to represent." *Spano*, 2011 WL 183974 at *11. This requirement has "constitutional dimension." *Id.* at *11.

The general class definition proposed by Plaintiff is overly broad, and fails to set forth an appropriately defined class. *Spano*, 2011 WL 183974 at *8, 11.

Plaintiff proposes one (sub)class to address class differences arising from the statute of limitations. (Doc. 94 at 10 (noting that the subclass "will ensure there is no conflict" between the differently situation participants)). Defendants agree that this limitations demarcation is necessary. Plaintiff Downes, who received his lump sum within six-years of filing his suit is differently situated than, and is not a proper representative of, those participants who received a lump sum distribution prior to six years before the filing of the lawsuit. *See generally Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 251 (7th Circ. 1983) (holding that the statute of limitations for ERISA benefits claims filed in Wisconsin is six years). At a minimum, the statute of limitations began to run for lump sum recipients when they received their lump sums.[3]

---

[3]*S.C. Johnson*, in an appeal currently pending before the Seventh Circuit involving identical whipsaw issues, contends the statute of limitations accrued from the date plan participants received plan-related communications stating that the lump sum would be the equivalent of their account balance. *Thompson v. Retirement Plan for Employees of S.C. Johnson & Son, Inc.*, Seventh Cir. Case No. 10-3917, *Combined Opening and Response Brief of Defendants-Appellees-Cross-Appellants*, at 23-39. If the Seventh Circuit agrees with S.C. Johnson,

Moreover, at least two additional subclasses are necessary, at present, to address further differences within the proposed class. There is a difference, both legally and in terms of respective interests, between those, like Plaintiff Downes and proposed Plaintiff Kumbera, who already have taken their money out of the Plan and those participants who have not (both current and former employees). Current employees may still be accruing benefits under the Plan and hope to continue doing so during their ensuing years of employment. Similarly, those who have left employment but have elected not to take Plan distributions yet, want a Plan that remains vital, adequately funded, and that is not compromised by excessive liabilities to past participants or excessive costs and expenses for the Plan.

A judgment that causes a substantial payment from the Plan to previous lump sum and annuity recipients compromises the Plan. Substantial increases in the cost of the Plan would cause any rational employer to reassess the nature and scope of continued Plan benefits.

Under these circumstances, the Court should establish appropriately represented classes of current and former employees who have not yet received distributions. *See Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697-698 (7th Cir. 1986) (noting conflict of interest between groups with differing positions as to recoveries and the allocation of plan

---

Defendants will request an additional subclass based upon the communications issued to the Plaintiff herein and seek dismissal on statute of limitations grounds of all claims thus time-barred. Moreover, depending upon the Court's ruling on the pending motion to dismiss, additional statutes of limitations issues are presented. For instance, Plaintiffs' breach of fiduciary duty claim, if it survives the motion to dismiss, would be subject to a different statute of limitations set forth in 29 U.S.C. § 1113, which is the shorter of three or six years. Similarly, the 7% claim, which challenges the propriety of yearly pay credits, accrued no later than when participants were given notice that pay credits of less than 7% had been provided. Given the pendency of the motion to dismiss and the imprecision of the FAC's breach of fiduciary duty claim, Defendants have not attempted to address, at this stage, through their proposed classes, these potentially unique statute of limitations issues.

funds) . Plan participants who have already cashed out of the Plan are unconcerned about future implications with respect to the Plan because their primary incentive is simply to receive additional money. Accordingly, separate classes representing these differences are warranted. *See Fitzsimmons*, 805 F.2d at 697-698; *accord Hans v. Tharaldson*, Case No. 3:05-cv-115, 2010 WL 1856267 (D.N.D. May 7, 2010) (certifying two subclasses due to risk of intra-class conflicts, one of current employees and one of former employees); *Gillis v. Hoechst Celanese Corp.*, Case No. 90-5542, 1992 WL 68333, *3 (E.D. Pa. April 1, 1992) (finding that conflict between current plan and former plan participants precluded certification because "the former Hoechst employees now at American Mirrex will be trying to pull as much cash as possible from the Hoechst pension fund, and at the same time, the present Hoechst employees will be seeking to preserve that fund."); *Kuper v. Quantum Chemical Corp.,* 145 F.R.D. 80 (S.D. Ohio 1992) (finding class counsel inadequate because he sought to represent classes in two separate actions that were both seeking to recover from the same limited pool of assets).

Thus, at present, certification pursuant to Fed. R. Civ. P. 23(b)(2) as to those claims *not* subject to the pending motion to dismiss, should include the following classes::[4]

1. Each person who accrued a vested benefit under the Plan since January 1, 1996 and who received a lump sum or annuity distribution of their vested benefits under the Plan before June 30, 2003; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

2. Each person who accrued a vested benefit under the Plan since January 1, 1996 and who received a lump sum or annuity distribution of their vested

---

[4] This agreement to certification is without prejudice to individual defenses, including, *inter alia¸* release, *see, e.g., Howell v. Motorola, Inc.,* 2011 WL 183966, *8 (7th Cir. Jan. 21, 2011) (applying a release as a bar to an ERISA claim),  and statute of limitations.

>    benefit under the Plan on or after June 30, 2003 and prior to August 17, 2006, and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.
>
> 3. Each person who accrued a vested benefit under the Plan (the "Plan") since January 1, 1996 and who has not received a lump sum or annuity distribution from the Plan, and who is no longer an employee of Wisconsin Energy Corporation or one of its affiliates; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.
>
> 4. Each person who accrued a vested benefit under the Plan since January 1, 1996 and who has not received a lump sum or annuity distribution from the Plan, and who remains an employee of Wisconsin Energy Corporation or one of its affiliates; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order

As to proposed classes 3 and 4, Plaintiff should be required to identify and properly join an adequate class representative who has exhausted administrative remedies as a precondition to any such certification.

## V. FURTHER ALTERATIONS OR AMENDMENTS TO THE CLASS ORDER MAY BE NECESSARY.

As this Court has previously recognized, "even after a class is certified, a court has a continuing duty to assess whether certification is proper and take whatever steps are required to protect the rights of the absentees." *Clarke*, 220 F.R.D. at 581 (Adelman, J.) (subsequently decertifying class in *Clarke ex rel. Pickard v. Ford Motor Co.*, 228 F.R.D. 631 (E.D. Wis. 2005)); *accord* Fed. R. Civ. P. 23(c)(1)(C). As additional factors emerge during the litigation, the Court may be required to establish additional classes or to decertify classes.[5]  Defendants will bring future conflicts to the Court's attention if and when they

---

[5] For example, Plan participants who worked in certain businesses or who were represented by certain unions may have been treated differently or received different communications about their benefits from other Plan participants, causing still further intra-class conflicts. (For example, union members may have received explicit notice of how their benefits were

develop. Moreover, Defendants assert defenses such as statute of limitations and release that may give rise to individual issues, and may at a later point require that class certification be revisited.

**DATED: March 17, 2011**

>Respectfully submitted,
>
>WISCONSIN ENERGY CORPORATION
>RETIREMENT ACCOUNT PLAN and
>WISCONSIN ENERGY CORPORATION
>
>
>By: _____/s/ Mark Casciari_____
>      One of Their Attorneys

Mark Casciari (mcasciari@seyfarth.com)
Ian H. Morrison (imorrison@seyfarth.com)
Amanda A. Sonneborn (asonneborn@seyfarth.com)
Sam Schwartz-Fenwick (sschwartz-fenwick@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000

Robert H. Friebert (rhf@ffsj.com)
Matthew W. O'Neill (mwo@ffsj.com)
Friebert, Finerty & St. John, S.C.
Two Plaza East, Suite 1250
330 East Kilbourn Ave.
Milwaukee, WI  53202
Telephone: (414) 271-0130

---

to be calculated through the collective bargaining process, rendering their claims time-barred at an earlier date than other class members.)

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2011 I electronically filed the *RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION* with the Clerk of the Court using the ECF system which will send notification of such filing to counsel for the Plaintiff listed below:

        Eli Gottesdiener, Esq. (eli@gottesdienerlaw.com)
        Gottesdiener Law Firm, PLLC
        498 7th Street
        Brooklyn, New York 11215

                          /s/ Mark Casciari
                            Mark Casciari