# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALAN M. DOWNES, on behalf of himself and
all others similarly situated,**
        **Plaintiff,**

     v.                                                     Case No. 09-C-0637

**WISCONSIN ENERGY CORPORATION
RETIREMENT ACCOUNT PLAN and
WISCONSIN ENERGY CORPORATION,**
        **Defendant.**

---

## **DECISION AND ORDER**

Plaintiff Alan M. Downes brings this proposed class action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., against the Wisconsin Energy Corporation Retirement Account Plan (the "Plan") and Wisconsin Energy Corporation ("WE Energies"), the Plan sponsor. Primarily, this opinion addresses defendants' motion to compel plaintiff to exhaust internal plan remedies in connection with all claims raised in the first amended complaint. For the reasons explained below, the motion will be granted in part. I also grant plaintiff's unopposed motion to add a second named plaintiff and defendants' unopposed motion to amend its answer. Finally, given my ruling on exhaustion, I deny certain other motions without prejudice to their being renewed after plaintiff exhausts plan remedies.

In his first amended complaint, plaintiff alleges seven benefits claims. Initially, defendants moved to dismiss three of these claims for failure to exhaust internal plan remedies. (Mot. to Dismiss [Docket #69].) Subsequently, the Plan indicated that its Employee Benefits Committee ( the "Committee") was willing to give all seven of plaintiff's

claims a fresh look. (Notice of Committee Action [#92] at 3-4.) After reviewing defendants' motion to dismiss and considering the Committee's statement that it was willing to consider all seven of plaintiff's claims, I held a hearing on the exhaustion motion. At the hearing, in response to my suggestion that it would make the most sense to exhaust all seven claims rather than require plaintiff to exhaust three of them but proceed with the remaining four in this court, plaintiff noted that defendants had not moved to dismiss four of the seven claims on exhaustion grounds. Since that hearing, defendants have filed a motion to require plaintiff to exhaust all seven claims. (Mot. for Exhaustion [Docket #123].)

Generally, as a prerequisite to filing suit, an ERISA plaintiff must exhaust his internal plan remedies. Edwards v. Briggs & Stratton Retirement Plan, 639 F.3d 355, 360 (7th Cir. 2011). This exhaustion requirement is intended to encourage informal, non-judicial resolution of disputes about employee benefits and to help prepare the ground for litigation in the event that the internal claims process does not resolve the dispute. Id. at 360-61. However, a district court has discretion to excuse a plaintiff's failure to exhaust where there is a lack of meaningful access to review procedures or where pursuing internal plan remedies would be futile. Id. at 361.

In the present case, I have already ordered plaintiff to exhaust two of his claims (the grandfather-indexing claim and the early-commencement-discount claim), and plaintiff is in the process of exhausting a third claim (the whipsaw claim). Although plaintiff is opposed to exhausting the remaining four claims, neither of the two reasons for excusing a failure to exhaust – lack of meaningful access to review procedures or futility – are present. The Committee is willing to consider all seven of plaintiff's claims, and plaintiff

2

has not suggested that the Committee lacks the power to grant the type of relief plaintiff requests.

Plaintiff's main objections to exhaustion are: (1) plaintiff's claims involve statutory interpretation rather than plan interpretation, and (2) the exhaustion process would be extremely burdensome. As to the first objection, nothing in the exhaustion case law states that exhaustion should be excused when the plaintiff's claims do not require plan interpretation. Rather, even when the plaintiff brings statutory claims, exhaustion is preferred because it prevents premature judicial intervention and provides the court with a better record for reviewing unresolved claims. Powell v. A.T.&T. Commc'ns, Inc., 938 F.2d 823, 825-26 (7th Cir. 1991). As to the second objection, I am not convinced that exhaustion will be as burdensome as plaintiff suggests. The Committee has agreed to treat plaintiff's first amended complaint as the statement of plaintiff's claim for exhaustion purposes, and thus plaintiff does not need to prepare a separate claim. Moreover, the Committee has promised to render a decision within sixty days, and so any delay caused by the exhaustion process will be minimal. Accordingly, I conclude that plaintiff must exhaust all seven of his claims.

In their motion for exhaustion, defendants ask that litigation be stayed in this court during the time that plaintiff's claims are before the Committee. In response, plaintiff asks that any stay not apply to written discovery, although he agrees that depositions should not be taken until after the Committee renders a decision. I will adopt the parties' agreement on these matters: defendants and any third-party witnesses shall complete their responses to plaintiff's requests for written discovery, but in all other respects this litigation is stayed until the Committee renders a decision.

There are several other motions pending on the docket. Three of these will be denied without prejudice to their renewal after plaintiff has exhausted plan remedies: plaintiff's motion to strike the statute of limitations defense (Docket #73), plaintiff's motion to certify a class and appoint class counsel (Docket #94), and the parts of defendants' motion to dismiss (Docket #69) that deal with matters other than exhaustion. The remaining motions are unopposed and will be granted: plaintiff's motion to add an additional named plaintiff (Docket #93) and defendants' motion to amend their answer (Docket #97).

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for exhaustion (Docket #123) is **GRANTED IN PART**. Plaintiff must exhaust all seven claims, but the Committee shall treat the first amended complaint as plaintiff's "claim" and the Committee shall render a decision on the claim within 60 days of the date of this order or 60 days from the date of any adverse claim or appeal denials, as the case may be. Litigation in this court is stayed, but defendants and any third-party witnesses shall complete their responses to plaintiff's requests for written discovery.

**IT IS FURTHER ORDERED** that the following motions are **DENIED WITHOUT PREJUDICE** to their renewal after plaintiff has exhausted plan remedies: plaintiff's motion to strike the statute of limitations defense (Docket #73), plaintiff's motion to certify a class and appoint class counsel (Docket #94), and the parts of defendants' motion to dismiss (Docket #69) that deal with matters other than exhaustion.

**IT IS FURTHER ORDERED** that plaintiff's motion to add an additional named plaintiff (Docket # 93) is **GRANTED**.

**FINALLY, IT IS ORDERED** that defendants' motion to amend their answer (Docket #97) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2011.

/s_____
LYNN ADELMAN
District Judge