IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALAN M. DOWNES and TERRY KUMBERA,

      Plaintiffs,

  v.                             Case No. 09-C-0637-LA

WISCONSIN ENERGY CORPORATION
RETIREMENT ACCOUNT PLAN and
WISCONSIN ENERGY CORPORATION,

      Defendants.

## PLAINTIFFS' CONSENT MOTION FOR LEAVE TO SEND
## 303 CLASS MEMBERS REVISED NET SETTLEMENT BENEFIT ESTIMATES

### INTRODUCTION

Plaintiffs respectfully move the Court for leave to send revised net settlement benefit estimates to 303 of the 4,155 class members in this case to correct for an oversight in the process for determining these class members' net settlement benefits. These class members received estimates that overstate the benefits to which they would be entitled if the Court grants final approval of the proposed settlement and recommended plan of allocation. Defendants state that they agree that the notices of revised estimates should be sent. The parties have also agreed on the wording of the proposed notice, which is attached hereto as Exhibit 1.

The proposed notice to be sent to each of the 303 class members explains, in question and answer format, why the notice is being sent, who is receiving the notice, why the original estimate needs to be revised, how the original estimate was calculated and how it should have been calculated, and what specific miscalculation occurred in each affected class member's case (showing individualized amounts so that each class member can see the original mistake and

how it is now being corrected). The notice also informs these class members that they have, consistent with the original notice that they received in early January, until March 6, 2012 to lodge objections to any aspect of the proposed settlement, including their revised net settlement benefit estimates, in anticipation of the April 3, 2012 fairness hearing. The notice also directs these class members to the settlement website for more information and reminds them that they may also directly contact class counsel for further information and for answers to any questions they may have.

## FACTUAL BACKGROUND

As explained more fully in the draft notice, the Enrolled Actuaries retained by class counsel to calculate class members' estimated net settlement benefits ("Plaintiffs' actuaries") have determined that in 303 cases, class members were sent net settlement benefit estimates as part of the December 29, 2011 notice of the proposed settlement of this action that should be corrected. Class counsel concurs, as do Defendants.

The affected participants are certain former employees of Wisconsin Gas Company covered by the terms of one of three former Wisconsin Gas pension plans all of which later merged into Defendant Wisconsin Energy Corporation Retirement Account Plan ("WE Plan"), who elected to receive their pension benefits in lump sum form, and whose "winning" benefit was originally calculated and paid under the grandfathered final average pay formula pursuant to the WE Plan's "greater-of" (i) grandfathered final average pay formula or (ii) cash balance formula. However, these class members' grandfathered lump sums as originally paid by the WE Plan were amounts considerably larger than those Plaintiffs' actuaries used in the calculations because of an error arising from the inadvertent omission of a certain early retirement subsidy specific to these three former Wisconsin Gas plans (incorporated by reference into the WE Plan)

and provided to certain employees who met long-service or age-and-service requirements and elected lump sums (not just annuities, as is typically the case with early retirement subsidies). This error resulted in an understatement of the amount that these 303 class members originally received in lump sum form, which in turn, caused their estimated net settlement benefits shown on notices that they received to be overstated since class members' benefits due under the settlement is the amount that the class member should have been paid (*i.e.,* including the value of Plaintiffs' seven claims applicable to each class member, adjusted by assigned litigation risk factors) less the amount they already received.

If the overstated amounts were *de minimis* or negligible, it may have been possible to let the notices or the error go uncorrected. But the amounts in many cases are substantial. To not send a new notice telling these class members of the error and that they will not receive a settlement benefit as high as originally estimated would not be fair to them: they may otherwise come to expect the originally-communicated amount – despite having received the caution that the amount shown in the notice is merely an "*estimate*[]" "subject to revision by the enrolled actuary hired by class counsel to perform these calculations." Doc. 132-1, Ex. B at ECF page number 45, Item 4.B (emphasis in the original). Similarly, to not correct the error would be to inject arbitrariness into the final calculations and correspondingly reduce the settlement benefits to which the remaining class members are entitled.

The fact that the error occurred is unfortunate and regrettable. But as a result of this issue, and in the course of assisting class counsel respond to routine class member inquiries, Plaintiffs' actuaries have specifically rechecked all other calculations that have been used and are confident that this was an isolated issue unique to the subsidy provided by these three plans.

3

Apart from this mistake, no such other errors have been discovered and the actuaries remain confident that their calculations are otherwise accurate and sound.

There are still many weeks before class member objections are due on March 6. Plaintiffs respectfully submit that the Court should grant them leave to promptly distribute the attached proposed notice to the affected class members.

## CONCLUSION

WHEREFORE, for the reasons stated and such other reasons as may appear to the Court, Plaintiffs respectfully request that the Court authorize Plaintiffs to send the affected class members the proposed notice.

Dated: February 3, 2012　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 s/ *Eli Gottesdiener*
　　　　　　　　　　　　　　　　　　　　　　Eli Gottesdiener
　　　　　　　　　　　　　　　　　　　　　　Andrew P. Carter
　　　　　　　　　　　　　　　　　　　　　　Steven D. Cohen
　　　　　　　　　　　　　　　　　　　　　　Gottesdiener Law Firm, PLLC
　　　　　　　　　　　　　　　　　　　　　　498 7th Street
　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11215
　　　　　　　　　　　　　　　　　　　　　　Telephone: (718) 788-1500
　　　　　　　　　　　　　　　　　　　　　　Telecopier: (718) 788-1650
　　　　　　　　　　　　　　　　　　　　　　Email: eli@gottesdienerlaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs and the Class*